**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (284397)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 104772

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BWP Media USA Inc. d/b/a Pacific Coast News and FameFlynet, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> CC Marketing & Advertising, LLC d/b/a The Guardian Express and DiMarkco Chandler, <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** |

BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") and FameFlynet, Inc. ("FameFlyNet") (hereinafter collectively referred to as "*Plaintiffs*"), by and through their undersigned counsel, for their Complaint against Defendant CC Marketing & Advertising, LLC d/b/a The Guardian Express and DiMarkco Chandler (hereinafter collectively referred to as "*Defendants*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover for copyright infringement. Plaintiffs herein provide entertainment-related photojournalism goods and services and own the rights to photographs featuring celebrities which they license to online and print publications. Plaintiffs have obtained U.S. copyright registrations covering many of their photographs, and many others are the subject of pending copyright applications.

2. Defendants own and operate a website known as guardianlv.com (the "*Websites*") and, without permission or authorization from Plaintiff actively copied, stored, modified, and/or displayed Plaintiff'ss photographs on the Websites without permission or authorization from Plaintiff and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

4. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 130 S.Ct. 1237 (2010), *see e.g. Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 99th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cic. 1984).

5. This Court has personal jurisdiction over Defendant because (a) the action arises out of Defendant's intentional posting of Plaintiff's copyrighted photographs on a website accessible to users in California; (b) such intentional act was expressly aimed at the State of California due to Defendant's specific focus on the California-centered celebrity and entertainment industries; (c) such intentional act caused harm to Plaintiff that Defendant knew was likely to be suffered in California as a result of the aforementioned focus; and (d) the exercise of jurisdiction in the instant action comports with fair play and substantial justice. *Mavrix Photo, Inc. v. Brand Techs, Inc.*, 647 F.3d 1218, 1228-1229 (9th Cir.2011) citing *Schwartzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir.2004); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir.2010); *Rio Props, Inc. v. Rio Int'l Interlin*k, 284 F.3d 1007, 1020 (9th Cir.2002).

6. This Court also has personal jurisdiction over Defendant because, through the Website, it directs substantial and continuous activities at the residents of California and, therefore, fall under the applicable long-arm jurisdictional statutes of California.

7. Venue is proper under 28 U.S.C. §1391(a)(2) because CC Marketing & Advertising, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

# PARTIES

## I. Plaintiff

8. BWP is a Delaware corporation and maintains its principal place of business in Los Angeles County, California.

9. FameFlyNet is a California corporation and maintains its principal place of business in Los Angeles County, California.

## II. Defendant

10. On information and belief, Defendant CC Marketing & Advertising, LLC, is a Nevada Limited Liability Company with a principal place of business in Clark County, Nevada and is liable and responsible to Plaintiff based on the facts herein alleged.

11. The Website is a popular and lucrative enterprise that purposefully displays celebrity and/or news photographs, including Plaintiffs' copyrighted photographs.

12. The Website is monetized in that it contains paid advertisements and/or sells merchandise to the public and, on information and belief, Defendant profit from these activities.

13. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and/or displayed Plaintiffs' copyright protected photographs (hereinafter collectively referred to as "*Photographs*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Websites.

14. On information and belief, the Photographs were copied, modified, stored and/or displayed without license or permission, thereby infringing on their copyrights (hereinafter collectively referred to as the "*Infringements*").

15. As is set forth more fully in Exhibit "1", each listed Infringement contains the URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

16. Each listed infringement in "Exhibit 1" is an exact copy of Plaintiff's original image that was directly copied and stored by Defendants on the Websites.

17. Each infringement listed in "Exhibit 1" constitutes a separate and distinct act of infringement by Defendants on the Website.

18. On information and belief, Defendants take an active and pervasive role in the content posted on their Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiffs' Photographs.

19. 17 U.S.C. §512, also known as the Digital Millennium Copyright Act ("DMCA") provides a defense against an infringement that is "by reason of the storage at the direction of a user." The applicable legislative history provides that "[i]nformation that resides on the system or network operated by or for the service provider through its own acts or decisions and not at the direction of a user does not fall within the liability limitation of subsection (c)." *See* S.Rep. No. 105–190, at 43 (1998).

20. Defendants' conduct is not safe harbored by DMCA, in that, on information and belief, Defendants have failed to register with the United States Copyright Office pursuant to 17 U.S.C. §512.

21. None of the Infringements were posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

22. On information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendants.

23. On information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

24. Additionally, on information and belief, Defendants, with "red flag" knowledge of the infringements, failed to promptly remove same (*see 17 U.S.C. §512(c)(1)(A)(i)*) as evidenced by the following:

(a) Defendants' employees and agents created, authored, posted, participated in and/or commented on "threads," articles or postings including those featuring Plaintiff's copyright-protected Photographs;

(b) Defendants' employees and agents actively reviewed, monitored, commented on, deleted and "cleaned" postings, articles and threads similar to and

including those featuring Plaintiff's copyright-protected Photographs;

(c) Many of the Photographs are readily identifiable as copyright-protected as they contain a copyright watermark on the image, thereby making Defendant's infringement willful as a matter of law.

25. Further, Defendant has the legal right and ability to control and limit the infringing activities on their Websites and exercised and/or had the right and ability to exercise such right, which, on information and belief, is evidenced by the following:

(a) Defendants' employees and agents had complete control over and actively reviewed and monitored the content posted on the Websites.

(b) Defendants' admits that it monitors the content on the Websites.

(c) Defendants' employees and agents actively review, modify and delete or "cleaned" postings, articles and threads on the Website.

26. On information and belief, Defendants have received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, the Website had increased traffic to the and, in turn, realized an increase their advertising revenues and/or merchandise sales. *17 U.S.C. §512(c)(1)(B).*

27. On information and belief, a large number of people has viewed the unlawful copies of the Photographs on the Website.

28. On information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

29. As a result of Defendants' misconduct, Plaintiffs have been substantially harmed.

## **FIRST COUNT**
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

30. Plaintiffs repeat and incorporate by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

31. The Photographs are original, creative works in which Plaintiffs own a valid copyright properly registered with the United States Copyright Office.

32. Plaintiffs have not licensed Defendants the right to use the Photographs in any manner, nor has Plaintiffs assigned any of its exclusive rights in the Copyrights to

Defendants.

33. Without permission or authorization from Plaintiffs and in willful violation of their rights under 17 U.S.C. §106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiffs thereby violating one of Plaintiffs' exclusive rights in its copyrights.

34. Defendants' reproduction of the Photographs and display of the Photographs on the Websites constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

35. On information and belief, thousands upon thousands of people has viewed the unlawful copies of the Photographs on the Website.

36. As a direct and proximate result of Defendants' misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## **SECOND COUNT**
*(Vicarious Copyright Infringement)*

37. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

38. At all material times hereto, on information and belief, Defendants had the legal right and ability to supervise, control, limit and stop the infringing conduct of its employees, agents and members, and Defendant declined to do so in the instant case.

39. For example, on information and belief, Defendants had the practicable ability to police the images on the Website when its employees and agents edited, modified and/or interacted with the Photographs, and therefore had the right and ability to supervise and control the infringing Photographs.

40. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, on information and belief, Defendants' members have continued to infringe upon Plaintiffs' Photographs, which in turn generates profits for Defendants directly from the use of the Infringements.

41. On information and belief, Defendants enjoyed a directed financial benefit from the infringing activity of its members, employees and agents from, inter alia, advertising

6

revenue derived from the increased traffic to its Website and from increase in fees paid by sponsors.

42. On information and belief, Defendant further enjoyed a directed financial benefit from using the "draw" of Plaintiff's Photographs to increase user traffic, thereby increasing advertising revenue, sponsorship fees, partnership opportunities, brand awareness, and its readership base.

43. Accordingly, Defendant is liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

44. As a direct and proximate result of Defendants' misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

### THIRD COUNT
*(Injunction Pursuant to 17 U.S.C. §502)*

45. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

46. Plaintiffs request a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendants from displaying the Infringements.

### FOURTH COUNT
*(Attorney Fees and Costs Pursuant to 17 U.S.C. §505)*

47. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

48. Plaintiffs request, pursuant to 17 U.S.C. §505, their attorney fees and costs for the prosecution of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

That the Court enters a judgment finding that Defendants have infringed on Plaintiffs' rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. Statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per Infringement or, in the alternative, Plaintiffs' actual damages and the disgorgement of Defendants' wrongful profits in an amount to be proven at trial; and

b. A permanent injunction against Defendants pursuant to 17 U.S.C. §502; and

c. Plaintiffs' attorneys' fees pursuant to 17 U.S.C. §505; and

d. Plaintiffs' costs; together with

e. Such other relief that the Court determines is just and proper.

DATED: July 26, 2016

**SANDERS LAW, PLLC**

By: /s/ Craig B. Sanders
SANDERS LAW, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.:104772